UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,          Criminal No. 03-353 (JNE)

       Plaintiff,

v.                                    **ORDER**

DERRICK KIM PATTERSON,

       Defendant.

Defendant, Derrick Kim Patterson has moved, pursuant to 18 U.S.C. § 3582(c), for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. The Government has responded. The Court has considered the arguments of counsel and the considerable procedural history in this case.

Patterson was convicted after a jury trial in 2003. He was sentenced in accordance with the then-mandatory guidelines. As with numerous crack-cocaine defendants convicted in the same general time-frame, Patterson has ridden the wave of retroactive sentence reduction authorizations. Currently he seeks an 18 U.S.C. § 3582(c) reduction due to the November 1, 2011 retroactive amendment to USSG § 2D1.1.

Patterson's 135 month sentence already falls within the newly reduced guidelines. The guidelines are 120 (the statutory minimum) to 137. The 135 month sentence was imposed, post-Booker, taking his immediately preceding guidelines (151 - 188) as advisory only. As it has in the past, as detailed in the Government's Response, the Court declines to reduce the sentence to the mandatory minimum as requested by the defendant.

Had the guideline in 2003 been 120 - 137, the Court would not have imposed the mandatory minimum in this case.  In fact, parity with similarly situated defendants and the need for just punishment would have weighed in favor of a sentence at least at the top of the guideline range.  The defendant's intervening conduct does not warrant a conclusion that he has now accepted responsibility or that the rehabilitative or retributive goals of 18 U.S.C. § 3553(a) would be advanced  by further sentence reduction.  Probation department records show that since being in custody, the defendant has taken courses in Microsoft Word, choice and change, commitment to change, legal research, nutrition, yoga, and Spanish.  He also, though, has incurred incident reports for phone abuse, fighting with another person, possessing an unauthorized item, refusing to obey an order, being insolent to staff, interfering with taking count (3 times), assault without serious injury, being absent from assignment, and being in an unauthorized area.  A reduction below 135 months is not merited.

The motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)  is DENIED.

Dated: March 5, 2012
                s/ Joan N. Ericksen
                Joan N. Ericksen, Judge
                United States District Court